ROGERS, Justice.
 

 This is a contest over the care and custody of the minor daughter of the parties litigant, who were married in the month of April, 1928. In June, 1931, plaintiff obtained a judgment of separation of bed and board from the defendant. It was decreed in the judgment, evidently with plaintiff’s consent, that the custody and control of their minor child be granted to defendant, with the right reserved to plaintiff to have and see the child at all reasonable times. The judgment also provided for the payment of alimony for the support both of the defendant and of the child; the defendant’s alimony to cease at the expiration of a year. In June, 1932, plaintiff obtained a judgment of divorce. This judgment was predicated on the judgment of separation from bed and board. The judgment, in express terms, continued in defendant the custody and control of the minor child as fixed in the prior judgment, and provided for the payment by plaintiff of alimony for her support
 

 In October, 1933, plaintiff proceeded by rule to have annulled the judgment granting defendant the care and custody of their minor child, and to have the child placed in his care and custody. Plaintiff predicated his demand on the alleged immoral conduct of defendant, since she was awarded the child. The petition mentions several acts of alleged misconduct committed by the defendant.
 

 Defendant excepted to the rule on the ground that it disclosed no right or cause of action. Also on the ground that the child had been legally adopted by her father, and that the adoption was awaiting the approval of the court as provided by Act No. 46 of 1932. Defendant’s exceptions were overruled, and the rule to show cause was heard on its merits, resulting in a judgment rescinding the prior decree and awarding the care and custody of the child to her paternal grandmother. From this judgment, the defendant in rule has appealed.
 

 No answer was filed to the rule, but, apparently, the rule was tried as if a formal answer had been filed, denying defendant’s alleged misconduct and seeking to maintain her right to the possession of the child whose care and custody is in dispute.
 

 After plaintiff had offered some testimony for the purpose of supporting his allegations of defendant’s improper conduct, defendant-sought to offer testimony to rebut plaintiff’s evidence. While defendant’s first witness was on the stand, the trial judge ruled that the question of the fitness or unfitness of defendant was not an issue in the case. The effect of the ruling was to ex-
 
 *201
 
 elude all defendant’s testimony on that issue. Thereafter, defendant made no serious attempt to rebut plaintiff’s evidence or to establish her fitness to retain possession of her minor child. And apparently the case was tried solely on the question as to whether it would be for- the advantage of the child to live with her maternal grandfather or with her paternal grandmother.
 

 The judgment of which defendant complains is explainable only on the theory that the trial judge finally reached the conclusion that defendant was not a fit and proper person to have the possession of her minor child.
 

 But defendant earnestly argues that she was prepared to rebut plaintiff’s testimony as to her alleged acts of misconduct and to prove affirmatively that she was both morally and financially able to care for her child. And defendant contends that she was not able to avail herself of the witnesses she had to prove those facts, because of the ruling of the trial judge that the question of her fitness was not involved in the case. We think defendant is entitled to the benefit of the testimony which she claims was excluded by the ruling. Her moral fitness to have the custody of her little daughter was impliedly, if not expressly, recognized by the decrees granting her that right; and she should not be deprived of the right except on a clear showing and a full opportunity to be heard.
 

 For the reasons assigned, the judgment appealed from is annulled, and the cake is remanded for further proceedings consistent with the views her.ein expressed; costs of this appeal to be paid by the appellee, all other costs to await the final disposition of the suit.